UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TIMOTHY NELSON,                )
                               )
            Plaintiff,         )
                               )
      v.                       )   No. 4:05-CV-534-CEJ
                               )
DAVID B. WEBSTER,              )
                               )
            Defendant.         )

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Timothy Nelson for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civilly committed resident of the Missouri Sexual Offender Treatment Center, seeks monetary relief in this 42 U.S.C. § 1983 action against defendant David B. Webster (Missouri Department of Corrections caseworker). Plaintiff alleges that prior to his civil commitment, he was incarcerated at the Northeastern Correctional Center ("NECC"). He states that all of the events set forth in his complaint occurred at NECC. Specifically, plaintiff alleges that the defendant violated his due process rights by erroneously giving him a conduct violation for "Murder (attempt) (conspiracy)" on September 15, 2003. He alleges that he was found guilty of conspiring with another inmate to kill Jason Swift, and as a result, he "spent 30 days [in] disciplinary

segregation, with a referral to administrative segregation, with a referral to prosecute." Plaintiff claims that defendant "changed" the evidence that was used to find him guilty. He also claims that was not given a copy of the "evidence," and he was not afforded the right to challenge all "facts" surrounding the violation or the right "to confront the accuser."

Having carefully reviewed the complaint, the Court concludes that plaintiff's claims are legally frivolous. For the due process clause to be implicated, an inmate must be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 (1995). Plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship in which the state might conceivably create a liberty interest. Cf. Hemphill v. Delo, 124 F.3d 208, 1997 WL 581079, \*\*2 (8th Cir. 1997)(no atypical and significant hardship where inmate alleged only that he spent 4 days locked in his housing unit, 30 days in disciplinary segregation, and 290 days in administrative segregation); Driscoll v. Youngman, 124 F.3d 207, 1997 WL 581072, \*\*2 (8th Cir. 1997)(same; 135 days in disciplinary and administrative segregation).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motions for leave to proceed in forma pauperis [Doc. #2, #4, and #6] are **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 20th day of June, 2005.

_____
UNITED STATES DISTRICT JUDGE